UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DECARLOS MICKLES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-CV-060-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | **DISMISSING HABEAS PETITION** |
| Respondent. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Decarlos Mickles is a prisoner confined at the Federal Correctional Institution

("FCI")-Manchester in Manchester, Kentucky. Proceeding without an attorney, Mickles has

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] However,

Mickles' petition was not filed on a form approved for use by this Court as required by Local

Rule 5.2. More critically, Mickles did not pay the $5.00 filing fee as required by 28 U.S.C. §

1914, nor did he file a motion for leave to proceed *in forma pauperis*. Thus, dismissal of

Mickles' petition without prejudice is warranted on this ground alone

However, even if the Court overlooked Mickles' failure to pay the filing fee, Mickles'

petition must be denied for failure to adequately articulate a claim for relief. Petitions filed

under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243.

*Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will

be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x

at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

In October 2017, pursuant to a binding plea agreement with the United States, Mickles pleaded guilty in the United States District Court for the Northern District of Alabama to one count of possession with the intent to distribute a mixture and substance containing a detectible amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1) and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2).  As part of the plea agreement, the United States agreed to dismiss three additional counts charging Mickles with possession with intent to distribute a substance containing heroin in violation of §§ 841(a)(1) and (b)(1)(C), as well as two additional counts charging Mickles with using or carrying a firearm during and in relation to a drug trafficking crime in violation of § 924(c)(1)(A).  Also in October 2017, Mickles was sentenced to a term of imprisonment of 18 months on Count 1 and 222 months on Count 2, to run consecutively, for a total term of imprisonment of 240 months, which was the stipulated sentence agreed to by the parties in the binding plea agreement.  In the Judgment, the sentencing court explained that it imposed the 222-month term as to Count 2 "pursuant to U.S.S.G. § 2K2.4, Application Note (2)(B), which states that a sentence above the mandatory minimum is considered an upward departure.  The court is departing upward because of the binding plea agreement by the parties and because the defendant's criminal history.  But for a new binding plea agreement, the defendant would have faced a mandatory 30-year minimum sentence." *United States v. Mickles*, No. 2:17-CR-159-KOB-SGC (N.D. Ala.) at R. 22.  Mickles filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit, but then filed a motion for voluntary dismissal, which was granted on February 20, 2018. *Id*. at R. 33.  Mickles

is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP")

on February 26, 2035.  *See* https://www.bop.gov/inmateloc/ (last visited on March 5, 2019).

In his habeas petition, Mickles raises several challenges to his § 924(c)(1)(C) conviction,

first raising a general challenge to the constitutionality of § 924(c), then claiming that his defense

counsel erroneously failed to object to the trial court's misapplication of § 924(c)(1)(C).  Mickles

then references the recently-enacted First Step Act of 2018 and, specifically, the Act's

clarification of § 924(c).  In light of the Act, he asks this Court to vacate all of his § 924(c)

counts of conviction and order his immediate release from custody. [R. 1 at p. 7]

The Court evaluates Mickles' petition under a more lenient standard because he is

proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his

factual allegations as true and liberally construes all legal claims in his favor. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

However, despite the lenient construction afforded to Mickles' petition, Mickles is not entitled to

the relief he seeks.

As an initial matter, Mickles challenges the legality of his conviction and sentence in his

habeas petition.  While a federal prisoner may challenge the legality of his convictions and

sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in

a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  A § 2241

petition is typically only a vehicle for challenges to actions taken by prison officials that affect

the manner in which the prisoner's sentence is being carried out, such as computing sentence

credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.

2009).  A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose

because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) provides a narrow exception to this rule where § 2255 is structurally "inadequate or ineffective" to seek relief. The exception does not apply simply because that remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, Mickles has failed to demonstrate that either of these circumstances exist in his case.

First, to the extent that Mickles argues that the application of § 924(c) violates the due process clause of the United States Constitution, this is a constitutional claim, not a claim based upon subsequent statutory interpretation by the United States Supreme Court, thus, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because Mickles' constitutional claim is of the kind that can be asserted under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to

§ 2241 impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Likewise, Mickles' claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment is a constitutional claim of ordinary trial error which could, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Finally, to the extent Mickles relies on the recently enacted criminal justice reform law, the First Step Act of 2018, that law does not provide Mickles with the relief he seeks. The First Step Act does reduce the severity of the "stacking" multiple § 924(c) offenses arising from the same incident by amending § 924(c)(1)(C) to provide that the higher penalty for a "second or subsequent count of conviction" under § 924(c) is triggered only if the defendant has a prior § 924(c) conviction that has become final. *See* First Step Act of 2018, Public Law 115-015, December 21, 2018, 132 Stat. 015, § 403. However, the provision of the Act that eliminates this "stacking" does not apply retroactively. *See id*. at § 403 (explaining that the Act's clarification of § 924(c) applies only where a sentence has not already been imposed). Thus, because the relevant provision of the First Step Act does not apply retroactively, it necessarily does not provide an intervening change in statutory law that is applicable to Mickles, such that he may proceed under 28 U.S.C. § 2241.

Moreover, even if this provision of the First Step Act did apply retroactively, Mickles' sentence was based on one conviction of violating § 924(c)(1)(A), thus his sentence was not the result of "stacking" multiple gun convictions under § 924(c)(1)(C) that was eliminated by the Act. Indeed, although Mickles requests that the Court vacate his § 924(c) conviction "so that the three hundred [300] months (multiplied by however many Section 924(c)(1)(C) charges or convictions) are omitted from petitioner's sentence," [R. 1 at p. 1], Mickles' conviction was for violating § 924(c)(1)(A), not § 924(c)(1)(C). Nor did Mickles receive a 300-month sentence at all. Rather, his sentence on Count 2 was to a term of imprisonment of 222 months, which was the sentence stipulated in his binding plea agreement. *See United States v. Mickles*, 2:17-CR-159-KOB-SGC (N.D. Ala.) at R. 19, p. 5. Regardless, as the revisions to § 924(c) made by the First Step Act of 2018 are not applicable to Mickles, he is not entitled to the relief he seeks under the Act.

Mickles has also filed a "motion to stay," in which he requests that the Court stay unspecified motions purportedly filed previously by Mickles, including prior petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. [R. 2] However, as Mickles does not have any other motions nor habeas petitions pending before this Court, and the Court has no authority to stay any such proceedings pending in other courts, Mickles' motion is denied.

Accordingly, the Court hereby **ORDERS** as follows:

1. Mickles' petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. Mickles' motion to stay **[R. 2]** is **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Entered: May 6, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY